IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Howard Frank, Individually and On Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

Dana Corporation, *et al.*,

    Defendants.

Case No. 3:05cv7393

ORDER

---

Amalgamated Workers Union, *et al.*, Individually and On Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

Dana Corporation, *et al.*,

    Defendants.

Case No. 3:05cv7406

---

Donald Doty, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff(s)

v.

Dana Corporation, *et al.*,

    Defendants.

Case No. 3:05cv7417

This is a securities case. Multiple plaintiffs have brought suit against Dana Corporation and some of its corporate officers alleging the company misstated its earnings, artificially inflating the value of its stock, in violation of the Securities Exchange Act of 1934. 15 U.S.C. §§ 78j(b), 78t(a). Jurisdiction exists under 28 U.S.C. § 1331.

Pending is the Pension Trust Fund Group's (PTFG) motion for reconsideration of this Court's Order appointing the City of Philadelphia lead plaintiff. For the following reasons, that motion will be granted.

**Procedural Background**

PTFG and the City purchased Dana Corporation securities between March 23, 2005, and September 14, 2005. Some time before March 23, both parties allege Dana, whose business had suffered due to price increases in raw materials, began to misstate its net income to meet earnings expectations. Both claim they purchased Dana securities in reliance on these inaccurate financial records and suffered damage accordingly.

On March 27, 2006, I granted the City's motion to be appointed lead plaintiff in the upcoming securities class action, pursuant to the Private Securities Litigation Reform Act of 1995 (PSLRA). 15 U.S.C. § 78u-4. The PSLRA directs that the party with the largest financial interest shall represent the class. *Id.* In applying the statute, I adopted the "last in, first out" (LIFO) accounting methodology to determine the litigants' financial interest and relied on the City's LIFO calculations, the only ones submitted using that methodology.

Now, the PTFG requests that I reconsider that ruling. They contend the City's LIFO figures were misleading, and that I made a factual error when I relied on them. The City disagrees, and

argues grounds exist, independent of the LIFO numbers, to disqualify the PTFG from lead plaintiff status.

**Standard of Review**

Generally, reconsideration is only appropriate: "1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice." *Sherwood v. Royal Ins. Co. of America*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003). However, where "something material was overlooked or disregarded . . . [which] point[s] to substantial error of fact or law" reconsideration may be warranted. *Miller v. Norfolk S. Rwy. Co.*, 208 F. Supp. 2d 851, 853 (N.D. Ohio 2002) (citations omitted).

**Discussion**

Put simply, the PTFG's principal argument is that the City's calculations separated out the LIFO losses of the PTFG's individual member groups, effectively understating those figures. They contend, further, that I mistakenly misconstrued those figures to reach my decision.

There is no question that characterization is accurate. The City's chart listed line items for: 1) the Plumber & Pipefitters National Pension Fund; 2) the SEIU Pension Plans Master Trust; and 3) West Virginia Laborers Pension Trust Fund. These entities are all part of the PTFG, not individual applicants for lead plaintiff status. Consequently, I should have considered their losses in the aggregate, and therefore erred in interpreting the City's chart the way I did. Accordingly, the PTFG does have greater LIFO losses than the City.

The City does not dispute this, but instead contends other reasons exist to disqualify the PTFG as lead plaintiff. Because parties which are net sellers and net gainers, with respect to the

Case: 3:05-cv-07393-JGC Doc #: 43 Filed: 05/24/06 3 of 5. PageID #: 1467

argues grounds exist, independent of the LIFO numbers, to disqualify the PTFG from lead plaintiff status.

**Standard of Review**

Generally, reconsideration is only appropriate: "1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice." *Sherwood v. Royal Ins. Co. of America*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003). However, where "something material was overlooked or disregarded . . . [which] point[s] to substantial error of fact or law" reconsideration may be warranted. *Miller v. Norfolk S. Rwy. Co.*, 208 F. Supp. 2d 851, 853 (N.D. Ohio 2002) (citations omitted).

**Discussion**

Put simply, the PTFG's principal argument is that the City's calculations separated out the LIFO losses of the PTFG's individual member groups, effectively understating those figures. They contend, further, that I mistakenly misconstrued those figures to reach my decision.

There is no question that characterization is accurate. The City's chart listed line items for: 1) the Plumber & Pipefitters National Pension Fund; 2) the SEIU Pension Plans Master Trust; and 3) West Virginia Laborers Pension Trust Fund. These entities are all part of the PTFG, not individual applicants for lead plaintiff status. Consequently, I should have considered their losses in the aggregate, and therefore erred in interpreting the City's chart the way I did. Accordingly, the PTFG does have greater LIFO losses than the City.

The City does not dispute this, but instead contends other reasons exist to disqualify the PTFG as lead plaintiff. Because parties which are net sellers and net gainers, with respect to the

relevant securities transactions during the class period, may have more trouble proving damages at trial, courts frequently reject their applications to serve as lead plaintiffs. *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (N.D. Ohio 2005); *In re Goodyear Tire & Rubber Co. Sec. Litig.*, 2004 WL 3314943, *3-4 (N.D. Ohio); *see also Weisz v. Calpine Corp.*, 2002 WL 32818827 (N.D.Cal.); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 945-46 (N.D.Ill. 2001); *In re McKesson HBOC Sec. Litig.*, 97 F. Supp. 2d 993, 996-97 (N.D.Cal. 1999). The City argues the PTFG is a net seller of Dana securities during the class period, and may even be a net gainer after considering all of its sales of Dana securities. It concludes, consequently, that the PTFG may not serve as lead plaintiff.

The City's claims concerning the PTFG's losses are not well-founded. In its reply memorandum, the PTFG notes that it suffered a loss even on its holdings of Dana securities that pre-dated the alleged fraud. (Reply Mem. at 5, n.3 (Doc. 40)). Accordingly, though the PTFG may have been a net seller, it should have no trouble proving damages and, therefore, is qualified to serve as lead plaintiff. *See In re Cardinal Health*, 226 F.R.D. at 308.

### Conclusion

Relying on the City's representation, I erroneously determined that party had the largest LIFO losses. In truth, the PTFG' losses were greater and, in light of the foregoing, it is, therefore,

ORDERED THAT:

1) the PTFG's motion for reconsideration shall be, and the same hereby is, granted;

2) the PTFG shall be, and the same hereby is, appointed lead plaintiff;

3) the PTFG's selection of Lerach, Doughlin, Stoia, Geller, Rudman & Robbin LLP to serve as class counsel shall be, and the same hereby is, approved.

So ordered.

                                                                     s/James G. Carr
                                                                     James G. Carr
                                                                     Chief Judge