IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Plumbers & Pipefitters Nat'l Pension Fund, et al.   Case No.: 3:05CV7393

    Plaintiffs

  v.   **ORDER**

Michael J. Burns, et al.,

    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Hawaii Ironworkers Annuity Trust Fund, et al.   Case No.: 3:10CV371

    Plaintiffs

  v.

Bernard N. Cole, et al.,

    Defendants

Pending in these class action suits against former officers of Dana Corporation is a motion for reconsideration of an order [Case '371, Doc. 131] entered November 15, 2011. [Case '371, Doc. 138; Case '7393, Doc. 153]. That order required, *inter alia*, that plaintiffs' counsel disclose the

identities and contact information of all persons whom they contacted – whether actually interviewed or not – in an effort to obtain information about the events giving rise to this litigation.

The order as to which plaintiffs' counsel seeks reconsideration resulted from a request by defendants' counsel for disclosure of persons whom the plaintiffs' counsel had *interviewed*. During a November 14, 2011, telephone conference on that request, the scope of the discussion turned to an expansion of the request, to encompass a broader group – namely, all persons whom plaintiffs' counsel had contacted, regardless of whether those persons agreed to talk with plaintiffs' counsel, much less whether plaintiffs' counsel actually interviewed them and/or obtained any pertinent information whatsoever.[1]

Defendants expect to file a motion for summary judgment seeking dismissal on the basis of a statute of limitations defense. To develop evidence in support of that motion, they need to find out what plaintiffs (and, perhaps, their attorneys, due to their investigations focusing, at least initially, in other directions) knew about pertinent events, when they knew that information and whether what they knew should have triggered earlier filing of the *Ironworkers* lawsuit.

To that end, defendants seek the information they do. The purpose of the November 15th order as to which plaintiffs seek reconsideration was to facilitate the discovery of information as to the statute of limitations issue.

In their motion for reconsideration, plalintiffs argue that the order went beyond what the defendants sought. According to the plaintiffs, and, as counsel for defendant Hodge acknowledged

---

[1] This broader group could include many variants: persons who refused entirely to talk with plaintiffs' counsel; persons who agreed to talk with them, but who had no connection with any of the events giving rise to this suit; and persons who talked, but were unable, for whatever reason, to provide any pertinent information.

at the outset of the November 14, 2011, conference (Tr. 4), the defendants initially desired to obtain "disclosure of the identities of the witnesses interviewed by the [plaintiffs' law] firm during their investigation and their contact information."

During the conference the conversation evolved into a discussion of whether the scope of disclosure would expand to include, as the order finally included, persons contacted, but not interviewed.

Plaintiffs seek reconsideration of that portion of the order. Defendants oppose the motion to reconsider on the basis that it raises no new arguments or anything else that I failed to consider in concluding that compelled disclosure should be broader than that which defendants themselves had sought going into the conference.[2]

In the meantime, plaintiffs' counsel have, *via* Rule 26 disclosures, provided defendants' attorneys with the names and contact information of the twenty-three persons whom they actually were able to interview.

I am persuaded, on the basis of further consideration and a re-reading of the transcript of the telephone conference, that that is all that I and the law can properly require. Rule 26(b)(1) requires that counsel provide discovery of non-privileged matters relevant to a party's claims or defenses.

---

[2] Defendants also complain that the motion violates a "standing order" precluding motions not based on something new that was not available before, or on other permissible grounds, such as an intervening and controlling decision. I have issued no such "standing order." Instead, on our Court's website I have described in narrative form, certain preferred – but not mandatory – practices. Among these is a strong disapproval of motions for reconsideration. That general discussion, which I intend simply as a form of "heads up," is informational, not compulsory.

Defendants also complain that plaintiffs' counsel failed, before filing the instant motion, to comply with Local Civ. Rule 37's requirement to "meet and confer before filing any discovery-related motion." Perhaps they should have made that effort, but it would have been, at best, a futile gesture.

Where what is at issue is the peculiarities of a prospective statute of limitations defense, disclosure of the names of persons with information pertinent to that issue properly come within Rule 26, even if not related to one of plaintiffs' "claims or defenses."

But not the names of everyone contacted. *See, e.g., Commonwealth of Mass. v. First Nat. Supermarkets, Inc.*, 112 F.R.D. 149, 152 (D. Mass. 1986) (recognizing a "distinction between asking the identity of persons with knowledge, which is clearly permissible, and asking the identity of persons contacted . . . during an investigation, which is not"); *In re Harmonic, Inc. Securities Litigation*, 254 F.R.D. 424, 427-29 (N.D. Cal. 2007) (distinguishing between a request for "all persons that were interviewed during the course of [an] investigation" and a request for the identities of confidential witnesses referenced in the complaint, upholding the latter but not the former).

I agree, moreover, with the plaintiffs' contention that where they learned no information from someone whom they contacted but did not interview, there is nothing to discover from those persons that could bear on what they knew, when they knew it or what they might have known with due diligence. By merely seeking out persons who possibly might have had pertinent information, they have displayed the requisite diligence. They could not force those persons to cooperate (or tell them something those persons did not, in fact, know or were not able to relate).

I also agree, as I did not in writing my initial order, that there is no reason to extend the due diligence inquiry to allow efforts – especially nearly a decade after the events giving rise to this suit – to determine what someone who had nothing to say in the past might have said had plaintiffs and their counsel pushed more vigorously.

Even if that sort of inquiry could conceivably be productive in other circumstances, it is so highly unlikely that such would be the case here – years after the pertinent events – that the greater intrusion into the zone of attorney work product is simply not merited.

What matters is what was known, or reasonably might have become known. In this case, the answer to those questions is, in all likelihood, to be learned from further discussion with persons who actually provided information.

Finally, I note on reading the transcript that my announcement of my decision, though it came after protracted argument and commentary, was abrupt and peremptory, and made in haste (due, if memory serves, to the need to turn to other matters then requiring my attention). In this instance, haste made waste – and a decision that should be reformed.

So I erred in expanding the scope of my order beyond what defendants sought coming into the conference. Being persuaded that I have done so, I grant the motion to reconsider and limit the scope of disclosure to that which plaintiffs' counsel represent they have provided in their Rule 26 disclosures – the names and contact information of those persons whom they interviewed.

So ordered.

s/James G. Carr<br>Sr. United States District Judge