UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

WESTERN DIVISION (TOLEDO)

| | | |
|---|---|---|
| PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND; SEIU PENSION PLANS MASTER TRUST; and WEST VIRGINIA LABORERS PENSION TRUST FUND, On Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) ) ) | No. 3:05-cv-07393-JGC **(Consolidated for Discovery Purposes Only)** CLASS ACTION Senior Judge James G. Carr |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| MICHAEL J. BURNS and ROBERT C. RICHTER, | ) ) ) | |
| Defendants. | ) ) ) | |
| HAWAII IRONWORKERS ANNUITY TRUST FUND, on Behalf of Itself and All Others Similarly Situated, | ) ) ) ) | No. 3:10-cv-00371-JGC CLASS ACTION |
| Plaintiff, | ) ) | Senior Judge James G. Carr |
| vs. | ) ) | |
| BERNARD N. COLE, et al., | ) ) | |
| Defendants. | ) ) | |

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL THIRD-PARTY SKADDEN ARPS TO PRODUCE DOCUMENTS
RESPONSIVE TO PLAINTIFFS' SUBPOENAS

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...............................................................................................................1

II.     STATEMENT OF FACTS ................................................................................................3

     A.      Summary of Allegations .........................................................................................3

     B.      Skadden's Investigation and Voluntary Disclosure of Documents to the
             SEC and Plaintiffs.....................................................................................................3

III.    ARGUMENT .....................................................................................................................5

     A.      Plaintiffs Have a Substantial Need for the Interview Notes ....................................5

     B.      Skadden Has Waived Any Work Product Privilege .................................................6

     C.      Producing the Notes Is Not Unduly Burdensome ....................................................7

IV.     CONCLUSION ..................................................................................................................7

Plaintiffs Plumbers & Pipefitters National Pension Fund, West Virginia Laborers Pension Trust Fund and Hawaii Ironworkers Annuity Trust Fund, the lead plaintiffs/class representatives in two federal securities actions (the "Actions") respectfully submit the following Motion to Compel Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") to produce documents responsive to Request No. 3 of the subpoenas Plaintiffs issued to Skadden on January 16, 2014.  Exs. 1 and 2.[1]

## I.    INTRODUCTION

As discussed with the Court at the July 16, 2014 telephonic conference, Plaintiffs are moving to compel Skadden to produce written notes from interviews it conducted of defendants and current and former Dana employees as part of an independent investigation Skadden undertook on behalf of the Dana Audit Committee.  By way of background, in September 2005 Skadden was asked by the Dana Audit Committee to investigate the CVS accounting improprieties, which led to Dana's financial restatements that are the subject of these Actions.  Skadden's investigation included interviews of defendants and other key current and former Dana employees.  While conducting these interviews, the Skadden attorneys who attended the interviews took notes.  The notes were then reduced to formal interview memoranda.  Skadden produced the interview memoranda, along with other work product, to the Securities and Exchange Commission ("SEC"), as part of the SEC's investigation into Dana's restatements.  As part of discovery in the Actions here, and without objection from either Skadden or Dana, the SEC produced the interview memoranda and other Skadden investigation work product to Plaintiffs under a confidentiality agreement.  In sum, Plaintiffs have the Skadden interview memoranda but not the underlying notes on which they were based.

---

[1]    All exhibits are attached to the Declaration of Laurie L. Largent in Support of Plaintiffs' Motion to Compel Third-Party Skadden, Arps, Slate, Meagher & Flom LLP to Produce Documents Responsive to Plaintiffs' Subpoenas ("Largent Decl.") filed concurrently herewith.

On January 16, 2014, Plaintiffs subpoenaed Skadden to produce the notes.  Exs. 1 and 2.  Refusing to produce them, Skadden objected on the basis of attorney work product.  Exs. 3 and 4.  Skadden, however, has waived any such work product privilege given that the interview memoranda, which memorialize the notes, have already been produced to both to the SEC and to Plaintiffs.

Moreover, Plaintiffs have a substantial need for the notes.  As fact depositions have progressed in the Actions, several key witnesses, including defendants, have contested the accuracy of the statements attributed to them in the interview memoranda, have denied making certain statements contained in the memoranda, and/or have been unable to confirm that the information in the memoranda is correct or that the statements contained therein were made.  Defense counsel have also objected to use of the memoranda as impeachment and to statements therein being party-admissions.  Because of these disagreements, it is necessary for Plaintiffs to obtain the contemporaneous notes Skadden took during the interviews to confirm that the interview memoranda accurately reflect the interviewees' statements contained therein.  Skadden may argue that the request is burdensome as there were more than 100 interviewees, however, Plaintiffs are only seeking notes for seven interviewees who Plaintiffs have identified as witnesses that: 1) have denied making certain statements contained in the interview memoranda; 2) had no recollection of making certain statements contained in the memoranda; and/or 3) could not confirm whether they made certain statements during the interviews.  *See* Ex. A attached hereto.

Prior to filing this motion, Plaintiffs and Skadden conferred in good faith to resolve this discovery dispute but were unable to do so.  Largent Decl., ¶3.  Additionally, as mentioned above, the parties attended a telephonic conference with the Court on July 16, 2014 to attempt to resolve the issues herein.  Since the parties may not be able to come to a resolution, Plaintiffs respectfully request that Skadden be compelled to produce the interview notes.

- 2 -

II.     **STATEMENT OF FACTS**

A.     **Summary of Allegations**

The Actions allege violations of §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") against the former CEO, CFO and top officers and senior executives of Dana Corporation.[2]  Plaintiffs allege that during the respective Class Periods, April 21, 2004 to October 7, 2005 for the *Plumbers* Action and February 23, 2005 and October 7, 2005 for the *Hawaii* Action, defendants violated the Exchange Act by publicly misrepresenting Dana's business operations and financial results.  Plaintiffs allege that Dana's 2004 and first and second quarter 2005 financial results were the product of accounting manipulations which caused the Company to report false positive growth and earnings during the Class Periods.

In September 2005, the truth about Dana's financial condition began to become public when the Company disclosed that it was reducing guidance because of a decline in CVS's performance. The Company also announced that it would likely restate its second quarter 2005 financial results due to inappropriate accounting in CVS.  Shortly thereafter, in October 2005, Dana admitted that its results for fiscal year 2004 and first and second quarter 2005, had been falsified and that the quarterly profits defendants caused Dana to report during the Class Period had been overstated.  At the end of December 2005 the Company restated its financial results for 2004 and the first two quarters of 2005.  The financial statements were of such magnitude that in March 2006 Dana was forced to file bankruptcy.

B.     **Skadden's Investigation and Voluntary Disclosure of Documents to the SEC and Plaintiffs**

Prior to Dana filing its restatements, in September 2005 the Audit Committee of Dana's Board of Directors engaged Skadden to conduct an independent investigation into CVS's accounting

---

[2]     The *Plumbers* Action also alleges violations of §20(a) of the Exchange Act against Dana's former CEO Michael Burns and former CEO Robert Richter.

improprieties, which ultimately led to the restatements that give rise to the Actions here.  Skadden's investigation included interviews of defendants and key current and former Dana employees.  During the course of the interviews, Skadden lawyers took notes and from those notes prepared interview memoranda.

In January 2006, the SEC issued a formal order of investigation with respect to Dana's restatements.  At the SEC's request, Skadden voluntarily produced to the SEC copies of the interview memoranda prepared from the Dana employee interviews, as well as other documents collected for and generated by Skadden's investigation.

When discovery commenced in the Actions here, Plaintiff Plumbers & Pipefitters issued a subpoena to the SEC for all documents produced to the SEC in connection with its investigation into Dana's restatements.  In response to the subpoena, the SEC produced the documents it received from Skadden, including the interview memoranda, Skadden's assessment of Dana's restated accounting transactions and Skadden's findings and conclusions of their independent investigation.  Neither Skadden nor Dana objected to Plaintiffs' subpoena or the SEC's production of the Skadden documents.

Plaintiffs now seek to compel Skadden to produce the interview notes.  Skadden's claim that the notes are protected by the attorney work product privilege is without merit as the privilege has been waived based on the fact that the interview memoranda has been disclosed to both the SEC and Plaintiffs.  Moreover, as discussed below, Plaintiffs have a substantial need for the notes based on disagreements as to the accuracy of statements contained in the memoranda and defense counsel's foundational objections.

## III.    ARGUMENT

### A.    Plaintiffs Have a Substantial Need for the Interview Notes

Plaintiffs have a substantial need for the interview notes because they support the accuracy of the interview memoranda, which are highly relevant to Plaintiffs' claims.  Skadden interviewed defendants and other key Dana employees, as part of an investigation into the financial and accounting improprieties at Dana that give rise to this litigation.  The interview memoranda contain witness statements, admissions, quotes and responses to questions asked by Skadden during its interviews, which are highly relevant to the alleged accounting fraud and serve to rebut defendants' defenses.

During the fact depositions in the Actions, defendants, and key non-party witnesses have failed to recall, questioned, refuted and/or denied the accuracy of the statements and information contained in the interview memoranda.  Defense counsel have also objected to use of the memoranda on aforementioned grounds.  Because of these denials and objections, and because the memoranda are critical impeachment and admission evidence, Plaintiffs are seeking the contemporaneous notes from those interviews to corroborate the accuracy of the statements in the memoranda.  Indeed, at trial it will be necessary for Plaintiffs to prove up impeachment against witnesses who denied making the statements contained in the interview memoranda.  It will also be Plaintiffs' burden to show that the statements attributed to the interviewees in the memoranda were accurate for purposes of establishing admissions by a party-opponent.  Thus, Plaintiffs are seeking the notes from seven witnesses Skadden interviewed, and produced interview memoranda for, who: 1) refuted or disagreed with the accuracy of statements contained in the memoranda; 2) did not recall making certain relevant statements contained in the memoranda; and/or 3) could not confirm whether they made certain statements during the interview.  Ex. A.  The interview notes are the only source of

information Plaintiffs have to confirm that the interview memoranda accurately reflect the statements made by defendants and the other key witnesses.

### B.       Skadden Has Waived Any Work Product Privilege

Skadden's refusal to produce the interview notes on the grounds that they are attorney work product is without merit.  There is no dispute that the interview notes Plaintiffs are seeking to compel were the source material for the interview memoranda that Skadden produced to the SEC. Under circumstances similar to the ones here, courts in this District have found that voluntary disclosure of privileged information to a governmental agency such as the SEC by itself will result in a waiver of privilege or protection as to interview notes.  *Gruss v. Zwrin*, No. 09 Civ. 6441, 2013 U.S. Dist. LEXIS 100012, at *42-*43 (S.D.N.Y. July 10, 2013) (court ordered production of interview notes prepared by outside counsel that were not themselves produced to the SEC because the factual substance of the information was disclosed to the SEC via PowerPoint presentations); *SEC v. Vitesse Semiconductor Corp.*, No. 10 Civ. 9239, 2011 U.S. Dist. LEXIS 77538, at *10 (S.D.N.Y. July 14, 2011) (court ordered production of interview notes prepared by outside attorney for non-party because a report containing a detailed summary of the interviews was made available to the SEC); *Bank of America, N.A. v. Terra Nova Insurance Company*, 212 F.R.D. 166, 175 (S.D.N.Y. 2002) (court found privilege waived where facts of the investigation were revealed to government agencies).  *See also In re Kidder Peabody Securities Litig.*, 168 F.R.D. 459, 472 (S.D.N.Y. 1996) (same); *In re Martin Marietta Corp.*, 856 F.2d 619, 623 (4th Cir. 1988) (privilege waived as to attorneys' notes of interviews where interviews were incorporated into position paper provided to government agency).

Moreover, both Skadden's and Dana's forfeiture of any work product protection is confirmed by the fact that the interview memoranda were produced to Plaintiffs in the Actions here.  Neither Skadden nor Dana made any objections to the SEC's production of the interview memoranda to

Plaintiffs.  The interview memoranda were deliberately and voluntarily disclosed to the SEC and then to Plaintiffs.  Thus, any work product protection associated with the notes and interview memoranda has been waived by Skadden and Dana.  *Gruss*, 2013 U.S. Dist. LEXIS 100012, at *39-*40 (when a party selectively discloses privileged information to an adverse government entity, "the privilege is waived not only as to the materials provided, but also as to the underlying source materials").

### C.    Producing the Notes Is Not Unduly Burdensome

Skadden's assertion of undue burden is without merit.  While numerous interviews were taken by Skadden, Plaintiffs are only seeking interview notes from less than 20 interviewees.  Further, Plaintiffs will reimburse Skadden for reasonable expenses in producing these documents.  Given the lack of any undue burden, Skadden should be compelled to produce the interview notes.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an order compelling Skadden to produce unreacted copies of the interview notes for interviews taken of the defendants, any witnesses who have contested the accuracy of the memoranda and witnesses identified by defendants in their initial disclosures as potential trial witnesses.

DATED:  August 1, 2014                    Respectfully submitted,

                                          ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                          MICHAEL J. DOWD
                                          DEBRA J. WYMAN
                                          LAURIE L. LARGENT
                                          MAUREEN E. MUELLER


                                          _____
                                                s/ LAURIE L. LARGENT
                                               LAURIE L. LARGENT

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

Lead Counsel for Plaintiffs

LANDSKRONER • GRIECO • MERRIMAN, LLC
1360 West 9th Street, Suite 200
Cleveland, OH  44113
Telephone:  216/522-9000
216/522-9007 (fax)

Liaison Counsel for Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
Telephone:  202/362-0041
202/362-2640 (fax)

Additional Counsel for Plaintiffs

960196_1

**EXHIBIT A**

| Witnesses Who Denied Statements in Skadden Memo | Witnesses Could Not Recall Making Statements Contained in Memo | Witnesses Could Not Confirm Whether Statement Made to Skadden |
|---|---|---|
| • Hennessy Tr.[1] at 16:25-17:13; 34:21-35:14; 36:9-38:3; 40:23-41:9; 141:5-142:16; 143:5-144:2; 145:20-146:5; 226:18-227:6; 229:21-230:3; 263:8-264:8; 269:17-270:23; 275:3-25; 276:6-17; 276:24-277:17; 286:6-15; 287:10-16; 288:6-13 | • Hennessy Tr. at 227:19-228:12 | • Hennessy Tr. at 44:13-45:12, 45:24-46:20; 137:17-138:23; 144:4-15; 225:14-226:13; 231:3-12; 255:15-256:4; 277:20-278:11; 477:21-478:11 |
| • Hodge Tr.[2] at 24:21-28:22 | | • Hodge Tr. at 91:13-92:20; 94:19-96:11; 100:12-101:19; 364:22-365:10; 365:20-366:1 |
| • Richter Tr.[3] at 75:2-76:16; 78:6-79:1; 81:3-14 | | |
| • Burns Tr.[4] at 167:17-168:15; 168:25-170:9; 170:15-171:8 | • Burns Tr. at 292:8-293:11 | |
| | | • Cole Tr.[5] at 14:22-15:9 |

---

[1] "Hennessy Tr." refers to the deposition transcript of William Hennessy dated May 1, 2014, excerpts of which are attached as Exhibit 5 to the Declaration of Laurie L. Largent filed herewith.

[2] "Hodge Tr." refers to the deposition transcript of Douglas W. Hodge dated June 2, 2014, excerpts of which are attached as Exhibit 6 to the Declaration of Laurie L. Largent filed herewith.

[3] "Richter Tr." refers to the deposition transcript of Robert C. Richter dated June 11, 2014, excerpts of which are attached as Exhibit 7 to the Declaration of Laurie L. Largent filed herewith.

[4] "Burns Tr." refers to the deposition transcript of Michael J. Burns dated June 25, 2014, excerpts of which are attached as Exhibit 8 to the Declaration of Laurie L. Largent filed herewith.

[5] "Cole Tr." refers to the deposition transcript of Bernard Cole dated May 12, 2014, excerpts of which are attached as Exhibit 9 to the Declaration of Laurie L. Largent filed herewith.

960368_1

| | | |
|---|---|---|
| • Gieseler Tr.[6] at 128:18-131:12; 132:10-12 | • Gieseler Tr. at 178:1-17 | • Gieseler Tr. at 131:23-132:8; 179:1-16 |
| | | • Paton Tr.[7] at 129:24-130:17; 133:5-134:21 |

---

[6]  "Gieseler Tr." refers to the deposition transcript of William Gieseler dated January 23, 2014, excerpts of which are attached as Exhibit 10 to the Declaration of Laurie L. Largent filed herewith.

[7]  "Paton Tr." refers to the deposition transcript of Allan Glenn Paton dated October 2, 2013, excerpts of which are attached as Exhibit 11 to the Declaration of Laurie L. Largent filed herewith.

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 1, 2014.

s/ LAURIE L. LARGENT
LAURIE L. LARGENT

ROBBINS GELLER RUDMAN
      & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  llargent@rgrdlaw.com

# Mailing Information for a Case  3:05-cv-07393-JGC Plumbers & Pipefitters National Pension Fund, et al v. Burns, et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E. Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joseph M. Callow , Jr**
  jcallow@kmklaw.com,ddaddesa@kmklaw.com

- **Michael J. Dowd**
  miked@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jack Landskroner**
  jack@lgmlegal.com,debra@lgmlegal.com

- **Laurie L. Largent**
  llargent@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Arthur S. Linker**
  arthur.linker@kattenlaw.com

- **Ann L. Lugbill**
  alugbill@murphypllc.com,lisajohnsoncincinnati@gmail.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Dean N. Razavi**
  dean.razavi@kattenlaw.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **Keith W. Schneider**
  snichelson@ms-lawfirm.com

- **Scott D. Simpkins**
  sdsimp@climacolaw.com

- **Samantha A. Smith**
  e_file_sd@rgrdlaw.com

- **Joel W. Sternman**
  j.sternman@kattenlaw.com

- **Joseph P. Thacker**
  jthacker@tmlpa.com

- **Richard S. Walinski**
  walinski@tmlpa.com,dchiesa@tmlpa.com

- **Debra J. Wyman**
  debraw@rgrdlaw.com,hectorm@rgrdlaw.com,llargent@rgrdlaw.com,miked@rgrdlaw.com

- **David W. Zoll**
  david@toledolaw.com,angela@toledolaw.com,amy@toledolaw.com,emily@toledolaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jovana          Vujovic
Katten Muchin Rosenman - New York
575 Madison Avenue
New York, NY 10022
```