# EXHIBIT 2

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| Hawaii Ironworkers Annuity Trust Fund ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:10-cv-00371-JGC |
| Bernard N. Cole, et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Skadden, Arps, Slate, Meagher & Flom LLP, c/o Registered Agent: Skardel, LLC, One Rodney Square, 920 North King Street, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: Robbins Geller Rudman & Dowd LLP<br>30 Vesey Street, Suite 200<br>New York, NY 10007 | Date and Time:<br>02/17/2014 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/16/2014

*CLERK OF COURT*

_____          OR          *[signature]*
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Lead Plaintiff Hawaii Ironworkers Annuity Trust Fund**, who issues or requests this subpoena, are:

Laurie L. Largent, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, llargent@rgrdlaw.com, (619) 231-1058

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:10-cv-00371-JGC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____  _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case: 3:05-cv-07393-JGC Doc #: 238-4 Filed: 08/01/14 4 of 11. PageID #: 8806

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
## (SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP)

I.  **DEFINITIONS**

Unless otherwise stated, the following terms are defined as indicated below:

1. "Skadden" refers to Skadden, Arps, Slate, Meagher & Flom LLP, any of its subsidiaries, divisions or affiliates (foreign or domestic), predecessors, successors and any internal committees, present and former officers, directors, employees, agents or anyone acting or purporting to act on its behalf.

2. "Dana" or the "Company" refers to Dana Holding Corporation, any of its subsidiaries, divisions or affiliates (foreign or domestic), predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of the Company, its attorneys, accountants, advisors and all other persons acting or purporting to act on its behalf.

3. "Document" or "documents" has the same meaning as "writings," which is defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001. "Document" or "documents" is to be interpreted in the broadest possible sense under Fed. R. Civ. P. 34 and Fed. R. Evid. 1001 and includes, without limitation, all physically and electronically stored data.

4. "Employee" means any person who at any time during the Relevant Period acted or purported to act on behalf of an entity, or another person or persons, including, but not limited to, all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in house attorneys, independent contractors, advisors, and consultants of such entity, person or persons.

5. "Independent investigation" refers to the independent investigation Skadden conducted on behalf of the Audit Committee of Dana's Board of Directors in connection with

899501_1

Skadden's engagement by the Audit Committee in September 2005 to investigate matters relating to Dana's accounting practices.

## II.  INSTRUCTIONS

1. In responding to these requests, you shall produce all responsive documents which are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, executives, officers, partners, managing agents, agents, employees, attorneys, accountants or any other representative. A document shall be deemed to be within your control if you have the ability or right to secure the document or a copy of the document from another person having possession or custody of the document.

2. Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying by Lead Plaintiffs original documents as they are kept in the usual course of business and you shall organize and label them to correspond with the categories in these requests.

3. In responding to these requests, you shall produce all responsive documents available at the time of production and you shall supplement your responses as required by Fed. R. Civ. P. 26(e).

4. If any responsive document was, but no longer is, in your possession or subject to your control, state whether the document is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

5. If you claim any form of privilege or any other objection, whether based on statute, common law or otherwise, as a ground for not producing any requested document, please furnish a

899501_1

list identifying each document for which the privilege or other objection is claimed together with the following information:

 (a) the privilege being asserted;

 (b) the person on whose behalf the privilege is asserted;

 (c) a precise statement of the facts upon which the claim of privilege is based; and

 (d) identify the purported privileged document including:

  (i) its nature, *e.g.*, letter, memorandum, tape, etc.;

  (ii) the date it was prepared;

  (iii) the date the document bears;

  (iv) the date the document was sent;

  (v) the date it was received;

  (vi) the name of the person who prepared the document;

  (vii) the name(s) of the person(s) who received the document;

  (viii) the name of each person to whom it was sent or was intended to be sent, including all addresses and all recipients of copies; and

  (ix) a statement of whom each identified person represented or purported to represent at all relevant times.

 6. If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

 7. You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 5 and 6 above) regardless of whether you consider the entire document to be relevant or responsive to the requests.

- 3 -

899501_1

8. The singular of any term includes the plural, and the disjunctive shall include the conjunctive, and vice versa.

9. Provide a source list that clearly identifies who maintained the document and identifies the person or location it was collected from.

### III. FORM OF PRODUCTION

Scanned documents should be provided as single-page, Group IV, 300 DPI TIFF images with an .opt image cross reference file and a delimited database load file (*i.e.*, .dat). The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME," and "CUSTODIAN." The documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and a single document shall not be split into multiple records). Multi-page OCR text for each document should also be provided.

Electronically stored information ("ESI") will be produced as single-page, Group IV, 300 DPI TIFF images with the exception of source code, audio, video, and spreadsheet-type files including, but not limited to, Microsoft Excel, CSV – which shall be produced in native format. A single-page bates stamped image slip-sheet stating the document has been produced in native format will also be provided. PowerPoint documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF image. If an original document contains color necessary to understand the meaning or content of the document, the document shall be produced as single page color JPG images. Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that native files should be produced for a specific document or class of documents not required to be produced in native format pursuant to this Paragraph or to the extent records do not easily conform to native or TIFF format (*i.e.*, structured data), the Parties agree to meet and confer in

good faith. Additionally, all ESI will be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto. An .opt image cross reference file will also be provided for all TIFF images.

Removal of duplicate documents shall only be done on exact duplicate documents (based on MD5 or SHA- 1 hash values, at the family level). Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. De-duplication will be done across the entire collection (*i.e.*, global level) and the Custodian field will list each Custodian, separated by a semicolon, who was a source of that document.

Prior to use, the parties shall meet and confer to disclose and discuss any proposed use of technologies to reduce the number of documents to be reviewed or produced (*i.e.*, file type culling, near de-duplication, e-mail thread suppression, or technology assisted review). Use of these technologies to reduce the reviewable collection or production, other than as described within this document, requires the consent of the receiving party.

## IV. RELEVANT TIME PERIOD

All requests herein refer to the time period from September 1, 2005 through December 31, 2008 (the "Relevant Time Period"), unless otherwise specifically indicated, and shall include all documents and information that relate to such period, even though prepared or published outside of the Relevant Time Period.

## V. DOCUMENT REQUESTS

REQUEST NO. 1:

All summaries and memoranda reflecting Skadden's interviews of Dana employees created in connection with the independent investigation, which were produced to the United States Securities and Exchange Commission ("SEC").

899501_1

REQUEST NO. 2:

All documents produced to the SEC in connection with its investigation into Dana's accounting practices.

REQUEST NO. 3:

All written notes, recordings, video or recorded tape of Skadden's interviews of Dana employees in connection with the independent investigation.

## TABLE 1: METADATA FIELDS

| Field Name | Example / Format | Description |
|---|---|---|
| BEGNO | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGATTACH | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDATTACH | ABC0000008 (Unique ID Parent-Child Relationships) | The Document associated with the last page of the last attachment. |
| VOLUME | VOL001 | The name of CD, DVD or Hard Drive. |
| RECORDTYPE | Options: eMail, Attachment, Hard Copy, Loose eFile | The record type of a document. |
| TIMEZONE PROCESSED | PST, CST, EST, etc | The time zone the document was processed in. **NOTE**: This should be the time zone where the documents were located at time of collection. |
| SENTDATE | MM/DD/YYYY | The date the email was sent. |
| SENTTIME | HH:MM | The time the email was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIMEHH | :MM | The time the document was last modified. |
| FILEPATH | i.e. Joe Smith/E-mail/Inbox<br>Joe Smith/E-mail/Deleted Items | Location of the original document. The source should be the start of the full path. |
| AUTHOR | jsmith | The author of a document from extracted metadata. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and e-mail of the author of an e-mail. If only e-mail is given, then just list the e-mail address. An e-mail address should always be provided for every document. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the recipient(s) of an e-mail. If only e-mail is given, then just list the e-mail address. An e-mail address should always be provided for every document. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the copyee(s) of an e-mail. If only e-mail is given, then just list the e-mail address. An e-mail address should always be provided for every document. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the blind copyee(s) of an e-mail. If only e-mail is given, then just list the e-mail address. An e-mail address should always be provided for every document. |
| SUBJECT | | The subject line of the e-mail. |
| DOCTITLE | | The extracted document title of a document. |
| UNREAD | Y, N | Y if an e-mail is unread, N if it has been read. This value is blank for attachments and non e-mail documents. |
| IMPORTANCE | Normal, Low, High | E-mail Importance Flag |
| CUSTODIAN | Smith, Joe; Doe, Jane | All of the custodians / sources of a document from which the document originated, separated by semicolons. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| MD5HASH | | The MD5 Hash value or "de-duplication key" assigned to a document. |
| CONVERSATION INDEX | | ID used to tie together e-mail threads. |
| NATIVELINK | D:\NATIVES\ABC000001.xls | The full path to a native copy of a document. |
| FULLTEXT | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding bates numbers. **Note**: E-mails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided. |