# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Hawaii Ironworkers Annuity Trust Fund.,
          Plaintiff          :

              v.                 :

Bernard N. Cole,
          Defendant.     :

                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 3:10-cv-00371-JGC
Action Pending in the Northern District of Ohio

RECEIVED FEB 0 4 2014

COPY
Original Already on File
S.D.O.

## RESPONSES AND OBJECTIONS TO SUBPOENA BY
## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") responds and objects to the subpoena dated January 16, 2014, served upon it by Plaintiff in connection with the above-captioned action (the "Subpoena"), as follows:

### GENERAL RESPONSES AND OBJECTIONS

The following General Objections apply to each of the document requests in the Subpoena (the "Requests"), and unless otherwise stated, shall have the same force and effect as if set forth in full in response to each of the separately numbered definitions, instructions or requests. To the extent that certain General Objections are cited in response to an individual definition, instruction or request, the absence of any General Objections from the response to an individual definition, instruction or request is not intended and should not be construed as a waiver of any other General Objection applicable to information falling within the scope of the individual definition, instruction or request.

1. Skadden objects to the Subpoena to the extent that it seeks documents and other information that are protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, doctrine, rule, immunity or ground for non-production.

2. Skadden objects to the Subpoena to the extent that it calls for documents that are available from the other parties to the above-captioned action (the "Action"), in that Skadden, a non-party, should not be put to the time and expense of producing such documents where such information could be obtained from a party to the Action.

3. Skadden objects to the Subpoena (including Schedule A thereto) to the extent that it purports to impose obligations on Skadden beyond those set forth in the Federal Rules of Civil Procedure and the Rules of the United States District Court for the Southern District of New York.

4. Skadden objects to the Subpoena to the extent that it imposes an undue burden on Skadden.

5. Skadden objects to the Subpoena to the extent that the document requests contained in Schedule A therein are overbroad, vague, not stated with reasonable particularity, and/or call for the production of documents that are neither relevant to the subject matter of the Action, nor are reasonably calculated to lead to the discovery of admissible evidence in the Action.

6. Skadden objects to the Subpoena to the extent that it calls for documents that are not in its possession, custody, or control.

7. Any inadvertent production of any privileged or otherwise protected document shall not be deemed or construed to be a waiver of any right or privilege, and Skadden reserves the right to demand that Plaintiff or any other person in possession of such a document return any such document and all copies thereof, and that Plaintiff or any other person destroy any materials that contain information derived from any such document.

8. Skadden objects to the Subpoena to the extent that it seeks documents and/or information available only on computer back-up tapes, as the production of such documents and/or information would be unduly burdensome and oppressive.

9. Skadden objects to the Subpoena to the extent that it calls for information that was not generated in the form of written or printed records or that calls for Skadden to create or re-create printouts from electronic data compilations, on the grounds that such electronic information is not reasonably accessible because of undue burden or cost and contains privileged drafts of documents.

10. Skadden objects to the Subpoena in that it does not provide for a reasonable date range for the production in that it requests "all documents and information that relate to [the 'Relevant Time Period'] even though prepared or published outside of the Relevant Time Period," rendering the Requests in the Subpoena vague and overbroad.

11. Skadden expressly reserves the right to apply for any costs incurred in complying with the Subpoena.

12. Skadden objects to the Subpoena on the grounds that it does not provide for a reasonable time and place for production. Skadden will produce documents, if any, at a mutually agreed-upon time and place.

13. Skadden objects to the Subpoena's definition of "Skadden" in that it includes "any of its subsidiaries, divisions or affiliates (foreign or domestic), predecessors, successors and any internal committees, present and former officers, directors, employees, agents or anyone acting or purporting to act on its behalf" rendering the Subpoena vague and overbroad.

14. Skadden objects to the Subpoena's definition of "Dana" in that it includes any of its subsidiaries, divisions or affiliates (foreign or domestic), predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of the Company, its attorneys, accountants, advisors and all other persons acting or purporting to act on its behalf," rendering the Subpoena vague and overbroad.

15. Skadden objects to the Subpoena's definition of "Employee" in that it includes "any person who at any time during the Relevant Period acted or purported to act on behalf of an entity, or another person or persons, including, but not limited to, all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in house attorneys, independent contractors, advisors, and consultants of such entity, person or persons" rendering the Subpoena vague and overbroad.

16. Skadden expressly reserves the right to supplement these Responses and Objections.

17. Skadden will be prepared to discuss the objections presented herein with counsel for Plaintiff for the purpose of resolving any disputes which may arise without the need for intervention by any Court.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

All summaries and memoranda reflecting Skadden's interviews of Dana employees created in connection with the independent investigation, which were produced to the United States Securities and Exchange Commission ("SEC").

**RESPONSE TO REQUEST NO. 1:**

Skadden objects to this Request in that it seeks documents that are available from the SEC and which have already been provided by the SEC to Plaintiff, in that Skadden, a non-party, should not be put to the time and expense of producing documents where such documents are already in the possession of Plaintiff.

**REQUEST NO. 2:**

All documents produced to the SEC in connection with its investigation into Dana's accounting practices..

**RESPONSE TO REQUEST NO. 2:**

Skadden objects to the Subpoena to the extent that it calls for documents that are not in its possession, custody, or control in that it seeks documents that may have been produced to the SEC by individuals or entities other than Skadden. Skadden further objects to this Request in that it seeks documents that are available from the SEC and which have already been provided by the SEC to Plaintiff, in that Skadden, a non-party, should not be put to the time and expense of producing documents where such documents are already in the possession of Plaintiff. Skadden additionally objects to this Request in that it is unduly burdensome and oppressive in that numerous pages of documents were produced to the SEC in the course of Skadden's representation of Dana.

**REQUEST NO. 3:**

All written notes, recordings, video or recorded tape of Skadden's interviews of Dana employees in connection with the independent investigation.

**RESPONSE TO REQUEST NO. 3:**

Skadden objects to this Request because it imposes an undue burden on Skadden. Skadden additionally objects to this Request to the extent it specifically seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, doctrine, rule, immunity or ground for non-production.

Dated: New York, New York
January 30, 2014

                                    SKADDEN, ARPS, SLATE,
                                    MEAGHER & FLOM LLP

                        By: *Rona G. Shamoon* /dv
                            Rona G. Shamoon (RS-6776)
                            Four Times Square
                            New York, New York 10036
                            (212) 735-2833
                            *Attorneys for Skadden, Arps, Slate,*
                            *Meagher & Flom LLP*

To:    Laurie L. Largent, Esq.
        Robbins Geller Rudman & Dowd LLP
        655 West Broadway
        Suite 1900
        San Diego, CA 92101

890964-NYCSR06A - MSW