UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION (TOLEDO)

| | |
|---|---|
| PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND; et al, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL J. BURNS et al., <br><br> Defendants. | Civil Action No. 3:05-cv-07393-JGC <br><br> <u>ORDER</u> <br><br> Senior Judge James G. Carr |

In this securities class action arising from the alleged misconduct by the two defendants, formerly high-ranking corporate officials of the Dana Corporation of Toledo, Ohio, counsel for the parties have submitted a Proposed Stipulation of Settlement (Doc. 295-3), Proposed Order Preliminarily Approving Settlement, and Providing For Notice (Doc. 295-2), and the brief in support of the proposed settlement submitted by plaintiffs' counsel. (Doc. 295-1).

On review of those documents I find that it is entirely appropriate to issue the Order of Preliminary Approval and Notice.

I reach this conclusion not merely on the materials referenced above, but, more importantly, on, as well, my prolonged hands-on work on and familiarity with the intricacies of the complex and hard (but well) fought nature of this case, and the high regard I have acquired for the skill, dedication, judgment, and integrity of counsel for all parties..

- 2 -

It is, accordingly

ORDERED THAT I herewith approve and endorse the following Order Preliminarily Approving Settlement and Providing Notice:

WHEREAS, an action pending before this Court is styled *Plumbers & Pipefitters National Pension Fund, et al. v. Michael J. Burns, et al.*, Civil Action No. 3:05-cv-07393-JGC (the "Litigation");

WHEREAS, the Settling Parties having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated July 13, 2016 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation against the Released Persons with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein, subject to further consideration at the hearing described below.

2. A hearing shall be held before this Court on November 18th, 2016, at 12:00 p.m. (EDT) (a date that is at least 90 calendar days from the Notice Date) (the "Final Approval Hearing"), at the United States District Court for the Northern District of Ohio, Western Division, James M. Ashley and Thomas W.L. Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Courtroom 204, Toledo, Ohio 43604, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether an Order and Final Judgment as provided in ¶1.16 of the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine the amount of attorneys' fees and expenses that should be awarded

- 3 -

to Class Counsel; to determine any award to Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4); to hear any objections by Class Members to: (i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Class Counsel; and (iii) the awards to Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4); and to consider such other matters the Court deems appropriate. The Court may adjourn the Final Approval Hearing without further notice to the Class.

3. The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release form, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

4. The Court approves the form of the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

5. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

6. Not later than August 2, 2016 (the "Notice Date") (a date fourteen (14) calendar days after the Court signs and enters this Order), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.DanaCorporationInvestorAction.com.

7. Not later than August 12, 2016 (a date ten (10) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, once in *Investor's Business Daily*, and once over a national newswire service.

8. Not later than September 16, 2016 (a date forty-five (45) calendar days from the Notice Date), Class Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9. Nominees who purchased Dana Corporation's Publicly Traded Securities for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of Dana Corporation's Publicly Traded Securities within fifteen (15) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within fifteen (15) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

10. The form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

11. All fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.

12. All members of the Class (except Persons who request exclusion pursuant to ¶15 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

13. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless

- 5 -

the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than October 31, 2016 (a date ninety (90) calendar days from the Notice Date). Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Class Representatives, Class Counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late submitted claims.

14. Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If they do not enter an appearance, they will be represented by Class Counsel.

15. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail, postmarked no later than October 3, 2016 (a date sixty (60) calendar days after the Notice Date). A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) all of the Person's purchases and sales of Dana Corporation's Publicly Traded Securities between April 21, 2004 and October 7, 2005, including the dates, the number and type of Dana Corporation's Publicly Traded Securities purchased or sold, and the price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the

Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

16. The Claims Administrator shall cause to be provided simultaneously to Class Counsel and Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible.

17. Any member of the Class may appear and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why fees, costs, and expenses should not be awarded to Class Counsel or Class Representatives; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any fees and expenses to be awarded to Class Counsel or Class Representatives, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, Debra J. Wyman, Jeffrey D. Light, 655 West Broadway, Suite 1900, San Diego, CA 92101, and Katten Muchin Rosenman LLP, Joel W. Sternman, Arthur S. Linker, Dean N. Razavi, 575 Madison Avenue, New York, NY 10022, no later than October 3, 2016 (a date sixty (60) calendar days after the Notice Date) and said objections, papers and briefs are filed with the Clerk of the United States District Court for the Northern District of Ohio, Western Division, no later than October 3, 2016. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, costs, and expenses to Class Counsel or Class Representatives, unless otherwise ordered by the Court. Attendance at the Final Approval

- 7 -

Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, and expenses are required to indicate in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

18. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. All papers in support of the Settlement, Plan of Allocation, and any application by Class Counsel for attorneys' fees, costs, and expenses and payment of time and expenses to Class Representatives shall be filed and served no later than September 16, 2016 (a date forty-five (45) calendar days after the Notice Date) and any reply papers shall be filed and served no later than November 1, 2016.

20. The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, costs, or expenses submitted by Class Counsel or Class Representatives, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

21. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees, costs, and expenses, should be approved.

22. Plaintiffs' Counsel shall be provisionally paid $2,475,000.00 representing approximately 75% of their out-of-pocket expenses, subject to Plaintiffs' Counsel's several obligation to make appropriate refunds or repayments from the amounts paid to them to the Escrow Account plus interest if, and when, as a result of any final order, the final expense award is lower

- 8 -

than that amount or the Settlement or Stipulation is terminated or cancelled by a final judgment or order not subject to further review.

23. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Class Representatives nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.6 or 2.8 of the Stipulation.

24. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission or concession by the Defendants or any other Released Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation. The Released Persons, Class Representatives, Class Members, and each of their counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25. All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Class Representatives nor any Class Member, either directly, representatively, or in any other capacity shall commence or

- 9 -

prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

26. The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

27. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective litigation positions in the Litigation as of April 15, 2016, subject to the rights of either party to seek such changes to the briefing schedule for summary judgment motions and the date for the commencement of trial as may be appropriate.

IT IS SO ORDERED.

DATED: July 19, 2016          /s/ James G. Carr
                              THE HONORABLE JAMES G. CARR
                              SENIOR UNITED STATES DISTRICT JUDGE